IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAZMEN WYATT | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:21-cv-02406-NIQA |
| | : | |
| PECO ENERGY COMPANY | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant PECO Energy Company ("Defendant" or "PECO"), by and through its attorneys, answers the correspondingly numbered paragraphs of the Complaint filed by Plaintiff, Jazmen Wyatt ("Plaintiff") as follows:

1. Defendant admits only that Plaintiff is an adult individual. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits only that it is a business corporation incorporated under the laws of Pennsylvania with a principal place of business at 2301 Market Street, Philadelphia, PA 19103. Defendant denies any remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits only that it employed Plaintiff in the position of Customer Care Center Representative from July 15, 2019 to September 28, 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits only that Plaintiff seeks to bring this action under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA") and the Pennsylvania Human Relations Act ("PHRA"). Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits only that this Court has jurisdiction over Plaintiff's claims under the ADA and FMLA pursuant to 28 U.S.C. §§ 1331 and 1343. Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits only that this Court has supplemental jurisdiction over Plaintiff's claims under the PHRA pursuant to 28 U.S.C. § 1367. Defendant denies any remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits only that Plaintiff filed Charge No. 530-2020-06028 ("Charge") with the U.S. Equal Employment Opportunity Commission and that the Charge was dismissed on March 4, 2021. Defendant denies any remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits only that it conducts business in this District and that venue is proper in this District. Defendant denies that it engaged in any illegal actions and denies any remaining allegations in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

117720881v3

10. Defendant admits only that it employed Plaintiff in the position of Customer Care Center Representative from July 15, 2019. Defendant denies any remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits only that, on September 25, 2019, Plaintiff sent an email to then-Care Center Manager, Suzette Adams, stating that the lighting where Plaintiff was sitting made her feel uncomfortable as a result of lupus. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint. By way of further answer, Defendant avers that, that same day, Plaintiff was allowed to select and move to a different area which had a lower level of lighting.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant admits only that, on June 10, 2020, Plaintiff began a short-term-disability leave ("STD") and concurrent FMLA leave which continued through and including September 8, 2020. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant admits only that Plaintiff submitted leave-related paperwork in 2020 that indicated diagnoses of generalized anxiety disorder and major depressive disorder. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint.

117720881v3

17. Defendant admits only that it received objective medical information from Plaintiff's medical provider to confirm that Plaintiff was approved to return to work, and that Defendant's Occupational Health Services Nurse, Laura Rippert, informed Plaintiff that her STD period had ended and that, unless Plaintiff provided new information, she would be expected to return to work once her approved leave ended on September 8, 2020. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint. By way of further answer, Defendant avers that Plaintiff did not provide PECO with information supporting an inability to return to work.

19. Defendant admits only that, on September 11, 2020, at 1:52 p.m., Plaintiff submitted an official ethical concern to the Ethics Hotline alleging that Senior Supervisor Customer Service, Sandra Preston had said to Plaintiff: "you know you have one foot in and one foot out the door." Defendant denies that Ms. Preston made any such remark and denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits only that, on or about September 9, 2020, Plaintiff applied for intermittent leave under the FMLA. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint.

21. Defendant admits only that Senior Human Resources Business Partner, Colleen Burt, met with Plaintiff on September 11, 2020 to discuss Plaintiff's professed concerns about Ms. Preston, which had been conveyed by Union Business Manager, Sharon Henry-Hill

and expressed concerns about the possibility of retaliation. Defendant denies any remaining allegations in Paragraph 21 of the Complaint.

22. Defendant admits only that Plaintiff's request for intermittent leave was approved on September 15, 2020, and that the approval allowed for up to four instances per week of intermittent leave. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant admits only that Plaintiff's employment was terminated on September 28, 2020 based on her failure to take a drug test upon her return from a leave greater than 60 days. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant admits only that Plaintiff filed for intermittent leave under the FMLA on a date before Plaintiff's employment was terminated on September 28, 2020 based on her failure to take a drug test upon her return from a leave greater than 60 days. Defendant denies that there was any connection between Plaintiff's application for intermittent leave and Plaintiff's termination and denies all remaining allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

117720881v3

## COUNT I – ADA

29. Defendant incorporates by reference as its answer to Paragraph 29 of the Complaint, its answers to Paragraphs 1 through 28 of the Complaint as though set forth in full herein.

30. Paragraph 30 of the Complaint sets forth a conclusion of law to which no response is required. To the extent that a further response is required, Defendant denies the allegations of Paragraph 30 of the Complaint which are not an accurate statement of the law under the ADA.

31. Paragraph 31 of the Complaint sets forth a conclusion of law to which no response is required. To the extent that a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint sets forth a conclusion of law to which no response is required. To the extent that a further response is required, Defendant admits only that it is an employer within the meaning of 42 U.S.C. §12111(5)(A). Defendant denies any remaining allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint sets forth a conclusion of law to which no response is required. To the extent that a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

117720881v3

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits only that Plaintiff sets forth a demand for punitive damages. Defendant denies that Plaintiff is entitled to any damages and denies the remaining allegations of Paragraph 37 of the Complaint.

38. Defendant admits only that Plaintiff sets forth a demand for attorneys' fees and court costs. Defendant denies that Plaintiff is entitled to any attorneys' fees or court costs and denies the remaining allegations of Paragraph 38 of the Complaint.

## **COUNT II – FMLA INTERFERENCE**

39. Defendant incorporates by reference as its answer to Paragraph 39 of the Complaint, its answers to Paragraphs 1 through 38 of the Complaint as though set forth in full herein.

40. Paragraph 40 of the Complaint is vague and non-specific and also sets forth a conclusion of law to which no response is required. To the extent that a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint and specifically denies violating the FMLA.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits only that Plaintiff sets forth a demand for punitive or liquidated damages. Defendant denies that punitive damages are available under the FMLA, denies that Plaintiff is entitled to any damages and denies the remaining allegations of Paragraph 43 of the Complaint.

44. Defendant admits only that Plaintiff sets forth a demand for attorneys' fees and court costs. Defendant denies that Plaintiff is entitled to any attorneys' fees or court costs and denies the remaining allegations of Paragraph 44 of the Complaint.

## **COUNT III – FMLA RETALIATION**

45. Defendant incorporates by reference as its answer to Paragraph 45 of the Complaint, its answers to Paragraphs 1 through 44 of the Complaint as though set forth in full herein.

46. Paragraph 46 of the Complaint is vague and non-specific and also sets forth a conclusion of law to which no response is required. To the extent that a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint and specifically denies violating the FMLA.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

117720881v3

50. Defendant admits only that Plaintiff sets forth a demand for punitive or liquidated damages. Defendant denies that Plaintiff is entitled to any damages and denies the remaining allegations of Paragraph 50 of the Complaint.

51. Defendant admits only that Plaintiff sets forth a demand for attorneys' fees and court costs. Defendant denies that Plaintiff is entitled to any attorneys' fees or court costs and denies the remaining allegations of Paragraph 51 of the Complaint.

### **CLAIM IV – PHRA**

52. Defendant incorporates by reference as its answer to Paragraph 52 of the Complaint, its answers to Paragraphs 1 through 51 of the Complaint as though set forth in full herein.

53. Paragraph 53 of the Complaint is vague and non-specific and also sets forth a conclusion of law to which no response is required. To the extent that a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant admits only that Plaintiff's employment was terminated on September 28, 2020 based on her failure to take a drug test upon her return from a leave greater than 60 days. Defendant denies any remaining allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

117720881v3

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant admits only that Plaintiff sets forth a demand for attorneys' fees and court costs. Defendant denies that Plaintiff is entitled to any attorneys' fees or court costs and denies the remaining allegations of Paragraph 59 of the Complaint.

As to the WHEREFORE clause following Paragraph 59 of the Complaint, Defendant denies discriminating or retaliating against Plaintiff in any way, denies violating the ADA, FMLA or the PHRA, and denies that Plaintiff is entitled to any of the relief and/or damages sought therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The claims in this action are barred, in whole or in part, by the doctrines of estoppel and unclean hands.

## SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint under the ADA and PHRA are barred to the extent that they exceed the allegations in the Charge filed by Plaintiff with the EEOC.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff was disabled under the ADA and PHRA, Plaintiff's claims under those statutes are barred because: Defendant never failed to engage in good faith in the interactive process with Plaintiff; Plaintiff was never denied a reasonable accommodation; and Plaintiff was never retaliated against for exercising Plaintiff's rights under the ADA or PHRA.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant is not liable for punitive damages because any discrimination alleged in the Complaint would violate the policies of Defendant and its good faith efforts to comply with the ADA, the PHRA and other civil rights laws.

**FIFTH AFFIRMATIVE DEFENSE**

If any actions of Defendant upon which any of Plaintiff's claims are based were motivated by any discriminatory or retaliatory factors, which Defendant denies, the same actions would have been taken in the absence of any such impermissible motivating factors.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the FMLA are barred because: Defendant never interfered with Plaintiff's efforts to take FMLA leave, nor did Defendant retaliate against Plaintiff for exercising Plaintiff's rights under the FMLA.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the FMLA for emotional distress damages and punitive damages are barred because such damages are not recoverable under the FMLA.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the FMLA for liquidated damages are barred because Defendant acted in good faith and with a reasonable basis for believing that its conduct did not violate the FMLA.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that the Complaint seeks relief for any physical, mental or emotional injuries alleged to have been suffered by Plaintiff at any time during the course of Plaintiff's

employment with Defendant, that relief is barred by the Pennsylvania Workers' Compensation Act.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced to the extent of Plaintiff's interim earnings, compensation, and benefits, or amounts earnable by Plaintiff with reasonable diligence.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims alleged by Plaintiff in the Complaint should be tried to the Court, without a jury, to the extent that a right to trial by jury on some or all of the issues or claims does not exist under the Constitution or Statutes of the United States.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become available during the course of investigation and discovery.

WHEREFORE, Defendant demands judgement in its favor:

A.    Dismissing the Complaint;

B.    Awarding it its costs, expenses, experts' fees, and reasonable attorneys' fees; and

C.    Awarding Defendant such other and further relief as to which it may be entitled.

Respectfully submitted,

*/s/ Christopher J. Moran*

Christopher J. Moran (I.D. 68142)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteen and Arch Streets
Philadelphia, PA 19103-2799
215.981.4169

*Attorneys for Defendant*
*PECO Energy Company*

Dated: July 26, 2021

# CERTIFICATE OF SERVICE

I, Christopher J. Moran, hereby certify that on July 26, 2021 a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses was served via the Court's Electronic Case Filing (ECF) system upon the following:

> Graham F. Baird, Esquire
> Law Offices of Eric A. Shore, P.C.
> Two Penn Center
> 1500 JFK Boulevard, Suite 1420
> Philadelphia, PA 19102
>
> *Attorneys for Plaintiff*

/s/ Christopher J. Moran
CHRISTOPHER J. MORAN

117720881v3