# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAZMEN WYATT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 21-2406** |
| v. | : | |
| | : | |
| **PECO ENERGY COMPANY** | : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 1st day of March 2023, upon consideration of Defendant's *motion for summary judgment*, [ECF 14], Plaintiff's response in opposition, [ECF 17], and Defendant's reply, [ECF 20], it is hereby **ORDERED** that the motion is **GRANTED**, *in part*, as follows:

1. By agreement, Plaintiff's claims for failure to accommodate under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.*, (within Counts I and IV) are **DISMISSED**;[1]

---

[1] Briefly, the relevant facts of this case are as follows: Beginning July 15, 2019, Plaintiff was employed by Defendant PECO Energy Company ("PECO") as a Customer Consultant/Customer Service Representative ("CSR"), a position subject to federal regulations regarding drug testing and subject to PECO's Drug and Alcohol Policy. In June 2020, Plaintiff began an approved leave relating to a short-term disability for which she was cleared to return to work in September 2020. Because Plaintiff's leave lasted more than 60 days, under applicable federal regulations and the PECO Drug and Alcohol Policy, Plaintiff was required to submit to a drug test to return to work. Plaintiff appeared and provided a urine sample at an initial drug test, but the results were deemed invalid, requiring her to present for a second test. Plaintiff appeared for the second drug test but left before providing an observed urine sample, which she was told was to be submitted within a three-hour period. Defendant terminated Plaintiff's employment due to Plaintiff's purported "refusal" to take a drug test. Plaintiff asserts that Defendant unlawfully terminated her employment because of her disability and/or in retaliation for accommodations and/or requests for leave under the Family Medical Leave Act.

Defendant moves for summary judgment on all of Plaintiff's claims. Federal Rule of Civil Procedure ("Rule") 56 governs summary judgment motion practice and provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 402 (3d Cir. 2016). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could

2. Plaintiff's claims for interference under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601, *et seq.*, (Count II) are **DISMISSED**;[2] and

---

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion under Rule 56, the court must view the evidence in the light most favorable to the nonmoving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011); *Montgomery Cnty. ex rel. Becker v. MERSCORP, Inc.*, 16 F. Supp. 3d 535, 537 (E.D. Pa. 2014).

Pursuant to Rule 56, the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322. After the movant has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the movant's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)–(B); *see also Davis v. City of Phila.*, 2015 WL 4404871, at *2 (E.D. Pa. July 20, 2015) (quoting Fed. R. Civ. P. 56(c)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on "bare assertions, conclusory allegations or suspicions," *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), or rest on the allegations in the pleadings, *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Rather, the nonmoving party must "go beyond the pleadings" and, either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

Within Counts I and IV of her complaint, Plaintiff asserts claims under the ADA and the PHRA based on Defendant's alleged failure to accommodate her disability. Defendant moves to dismiss these claims. In response to Defendant's motion for summary judgment on these claims, Plaintiff advised that she "does not contest the entry of summary judgment based on a failure to accommodate theory under the ADA or PHRA." (Pl.'s Resp. in Opp., ECF 17, at p. 2). In light of this concession, Defendant's motion for summary judgment is granted with respect to Plaintiff's claims for failure to accommodate under the ADA and PHRA (within Counts I and IV). Accordingly, these claims are dismissed.

[2] At Count II of the complaint, Plaintiff asserts a claim against Defendant under the FMLA for the alleged interference with Plaintiff's exercise or attempts to exercise her rights under the FMLA. The FMLA essentially protects the right of certain employees to take leave for qualifying medical reasons. Defendant moves for summary judgment on Plaintiff's FMLA interference claim.

To establish a *prima facie* case of FMLA interference, a plaintiff must present evidence sufficient to show that: (1) she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) she was entitled to FMLA leave; (4) she gave notice to the defendant of her intention to take FMLA leave; and (5) she was denied benefits to which she was entitled under the FMLA. *Ross v. Gulhuly*, 755 F.3d 185, 192 (3d Cir. 2014); *Capps v. Mondelez Glob. LLC*, 147 F. Supp. 3d 327, 334 (E.D. Pa. 2015), *aff'd*, 847 F.3d 144 (3d Cir. 2017). In its motion, Defendant argues that Plaintiff has failed to present evidence to show, *inter alia*, that she was denied benefits to which she was entitled under the FMLA, *i.e.*, the fifth requisite element. Specifically, Defendant contends, and has

      3.    Plaintiff's claims for retaliation under the ADA are **DISMISSED**.[3]

It is further **ORDERED** that Defendant's motion for summary judgment is **DENIED** with respect to Plaintiff's claims for discrimination under the ADA and the PHRA (within Counts I and IV)[4]

---

provided evidence to support, that it never denied Plaintiff FMLA leave to which she was entitled. Plaintiff provides no response to this argument. In the absence of any response, Plaintiff has not met her summary judgment burden on this claim. *Celotex*, 477 U.S. at 324. Accordingly, Defendant's motion is granted with respect to Plaintiff's FMLA interference claim (Count II), and this claim is dismissed.

[3]     In response to Defendant's motion for summary judgment, Plaintiff references a claim for retaliation under the ADA. As argued by Defendant, however, Plaintiff did not assert a claim for retaliation under the ADA in her complaint. (*See generally* Compl., ECF 1). As such, she cannot assert such a claim by way of her response to Defendant's motion for summary judgment. *See Carr v. Gillis Associated Indus., Inc.*, 227 F. App'x 172, 176 (3d Cir. 2007) (affirming district court's rejection of claim asserted for first time by plaintiff in response to motion for summary judgment); *OTA P'ship v. Forcenergy, Inc.*, 237 F. Supp. 2d 558, 561 n.3 (E.D. Pa. 2002) (holding that a new claim that was first raised in opposition to a motion for summary judgment was "too late").

[4]     Within Counts I and IV, Plaintiff also asserts discrimination claims under the ADA and the PHRA. Specifically, Plaintiff asserts that Defendant terminated her employment because of her disabilities, *i.e.*, anxiety and lupus. Defendant moves for summary judgment on these claims, arguing that Plaintiff has failed to meet her summary judgment burden with respect to the third element of her *prima facie* case and her pretext argument. Because these claims are subject to the same analysis, this Court will address them together. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

    In assessing claims of discrimination on the basis of a disability, courts apply the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000) (applying *McDonnell Douglas* to ADA claims). Under the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination. *Id.* To establish a *prima facie* case of discrimination under the ADA and the PHRA, Plaintiff must present evidence sufficient to demonstrate: (1) she is a disabled person within the meaning of the statutes; (2) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation; and (3) she suffered an adverse employment action that was the result of discrimination. *Taylor*, 184 F.3d at 306. To meet the third element, Plaintiff "must show that [her] perceived disability was a 'determinative factor'" in Defendant's decision to terminate her employment. *Decker v. Alliant Techs., LLC*, 871 F. Supp. 2d 413, 428 (E.D. Pa. 2012) (citing *Watson v. SEPTA*, 207 F.3d 207, 214–15 (3d Cir. 2000)).

    After a plaintiff has established a *prima facie* case of discrimination, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* If the defendant carries this burden, the burden shifts back to the plaintiff to prove, by a preponderance of the evidence, that the legitimate reason proffered by the defendant was a pretext for discrimination. *Id.* The "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir.1999) (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–53 (1981)).

Here, Defendant challenges *only* the third element of Plaintiff's *prima facie* case, *i.e.*, that Plaintiff's employment was terminated as a result of discrimination based on her disability. Defendant argues that Plaintiff's employment was terminated because she refused a drug test, *i.e.*, her purported refusal to provide a required urine sample. Defendant's argument, as presented, is actually a challenge to the pretext prong of the *McDonnell Douglas* framework, rather than a challenge to the third element of Plaintiff's *prima facie* case. Where the defendant is the moving party, as in the case here, the burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements. *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). Having failed to make any real challenge to the third element of Plaintiff's *prima facie* case, Defendant's motion lacks merit with respect to Plaintiff's *prima facie* case of disability discrimination.

However, considering Defendant's challenge as one to pretext, this Court finds that Plaintiff has presented evidence sufficient to create a genuine issue of material fact. As noted, Defendant has proffered a legitimate, non-discriminatory reason for terminating Plaintiff's employment—her refusal to provide a required second urine sample under the observation of a clinician within a three-hour period. Defendant further contends that Plaintiff was advised of the consequences of leaving without providing a urine sample and that Plaintiff's "refusal" to take the test required her termination pursuant to Defendant's company policies. This proffered reason shifts the burden to Plaintiff to present "some evidence, direct or circumstantial, from which a factfinder would reasonably either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Shaner*, 204 F.3d at 501 (citations and quotations omitted).

As evidence of pretext, Plaintiff points to the circumstances surrounding her drug tests as reasons for a factfinder to disbelieve Defendant's proffered reason for her termination. As noted, Defendant contends that it terminated Plaintiff's employment pursuant to company policy. Defendant's cited policy provides, in relevant part, the following:

> 2.9   Employees will be immediately terminated for the following conduct: the refusal to take a test or failing to show up for a test without reasonable and substantiated explanation, as determined in management's discretion or providing a false or tampered sample; or otherwise willfully attempting to subvert the testing process.
>
> 4.2.4   Any safety-sensitive or DOT covered employee shall be required to complete a pre-employment drug and alcohol test following any absence from the workplace greater than sixty days. The employee shall be permitted 24 hours notice to complete testing. Failure to appear may constitute a refusal to test and the employee may [be] subject to discipline, up to and including immediate termination of employment.

Notably, nowhere does Defendant's cited policy require an employee to produce a urine sample under observation within three hours of the scheduled visit. Nor does the policy provide that an employee's inability to provide a urine sample within a three-hour period may result in the termination of the employee's employment. To the contrary, Defendant's policy merely provides that an employee must appear for a test and complete the test within 24 hours of Defendant's request. Further, the policy contemplates Defendant's consideration of an employee's "reasonable and substantiated explanation" for her inability to provide the sample.

and with respect to Plaintiff's retaliation claims under the FMLA (Count III).[5]

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Plaintiff has presented evidence that upon returning to work from an approved FMLA leave of over 60 days, she appeared for a required drug test at Defendant's request and provided a urine sample. According to Defendant, Plaintiff's initial drug test results were invalid, requiring her to appear for a second drug test. Plaintiff appeared for the second drug test, at which time she was advised for the first time that the second test was required to be observed and completed within three hours. Plaintiff remained at the test site for two hours and fifteen minutes but was physically unable to provide a urine sample under observation, despite multiple attempts. Prior to the expiration of the three-hour time limit, Plaintiff left the test site to attend to her children who were at home and had called with various complaints. Defendant contends this constituted Plaintiff's "refusal" to take the required drug test and subjected Plaintiff to immediate termination.

In light of the clear language of Defendant's cited policy—which says nothing of a three-hour limit and, further, contemplates Defendant's consideration of an employee's "reasonable and substantiated explanation" for her inability to provide a urine sample—Plaintiff's evidence could lead a reasonable factfinder to disbelieve Defendant's articulated reason for Plaintiff's termination. Therefore, genuine issues of material fact exist with respect to pretext. Accordingly, Defendant's motion for summary judgment is denied with respect to Plaintiff's discrimination claims under the ADA and PHRA.

[5]     At Count III of the complaint, Plaintiff asserts a claim for retaliation under the FMLA. Specifically, Plaintiff alleges that Defendant unlawfully terminated her employment in retaliation for requesting and taking FMLA leave during the period of July 15, 2020, through September 6, 2020. The FMLA and its regulations prohibit employers from retaliating against employees for taking FMLA protected leave. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146 n.9 (3d Cir. 2004); 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(c). FMLA retaliation claims are evaluated under the *McDonnell Douglas* burden shifting framework. *Ross v. Gulhuly*, 755 F.3d 185, 193 (3d Cir. 2014) (citing *McDonnell Douglas*, 411 U.S. 792). Under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first establish a *prima facie* case of retaliation. *McDonnell Douglas*, 411 U.S. at 802. Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* If the defendant articulates a legitimate, non-discriminatory reason, the plaintiff then bears the burden of establishing that this proffered reason was a pretext. *Id.*

Here, Defendants move for summary judgment on Plaintiff's FMLA retaliation claim on the same basis as argued with respect to Plaintiff's ADA and PHRA discrimination claims. For the same reasons discussed above, this Court finds that Plaintiff has presented evidence sufficient to create a genuine issue of material fact as to pretext. Accordingly, Defendant's motion for summary judgment is denied with respect to Plaintiff's retaliation claim under the FMLA.